United States District Court
District of Massachusetts

```
_____
                              )
SCOTT WEBSTER,                )
        Plaintiff,            )
                              )
        v.                    )   Civil Action No.
                              )   10-12000-NMG
SAXON MORTGAGE SERVICES, INC.,)
MORTGAGE ELECTRIC REGISTRATION)
SYSTEMS, INC., TAYLOR, BEAN AND)
WHITAKER MORTGAGE CORP. and   )
ORLANS MORAN LLC,             )
        Defendants.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Before the Court is a motion to remand this action to state court on the grounds that its removal therefrom was untimely.

I.  **Background**

On October 12, 2010, pro se plaintiff Scott Webster ("Webster") brought suit in Massachusetts Superior Court Department for Suffolk County against defendants Saxon Mortgage Services, Inc. ("Saxon"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Taylor, Bean and Whitaker Mortgage Corp. ("Taylor") and Orlans Moran LLC ("Orlans") (collectively "the defendants"). The plaintiff alleged, inter alia, a deprivation of his constitutional right to due process with respect to foreclosure proceedings on his residence located at 43 Hutchings

-1-

Street, Boston, Massachusetts ("the Property").[1]  The Complaint also alleges that: 1) the loan documents are incorrect, 2) plaintiff was overcharged and 3) plaintiff has not received a "Validation of Debt."

On the same day the Complaint was filed, the state court issued a temporary restraining order enjoining the foreclosure of the Property.  That court subsequently held a hearing on plaintiff's motion for a preliminary injunction and allowed the motion on October 20, 2010, finding "defendant has not established that it is the holder of the note."  On November 18, 2010, the state court issued an order (apparently ex parte) stating:

> Based upon this Court's (Hines, J.) Order of 10/20/10 which has not been vacated and thus remains in force, the defendants are hereby Ordered to desist from attempting to foreclose on the subject property pending further order of this Court.

Also on November 18, 2010, pursuant to 28 U.S.C. § 1446, defendants Saxon and MERS (with the consent of Orlans) removed the case to this Court on the basis of federal question jurisdiction.  Defendant Taylor apparently filed a suggestion of bankruptcy on November 16, 2010, which stayed the case with respect to it.  Although the Complaint cites no federal law, defendants contend that 1) the claims arise under the United

---

[1] Julie Taylor Moran, apparently a lawyer at Orlans, was also named as a defendant on the state docket, but not the federal docket, for unknown reasons.

States Constitution and the federal Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA") and 2) this Court has supplemental jurisdiction over the remaining state court claims pursuant to 28 U.S.C. § 1367.

On December 14, 2010, plaintiff filed a motion for a stay or restraining order in light of the foreclosure sale scheduled for December 22, 2010. Defendants' attorney filed notice with this Court on December 21, 2010 that the sale was indefinitely postponed. Plaintiff also filed a motion to remand the case to state court, contending that defendants failed to remove it within the 30-day period allowed under 28 U.S.C. § 1446(b).

**II. <u>Analysis</u>**

Because the Court need not reach the motion for a stay or restraining order if it determines that the motion to remand to state court should be allowed, the Court considers the latter motion first.

**A. Motion to Remand to State Court (Docket No. 6)**

**1. Legal Standard**

Pursuant to 28 U.S.C. § 1446(b), a defendant may remove a case to federal court "within thirty days after the receipt by the defendant, through service or otherwise" of either the initial pleading or service of summons upon the defendant, if the initial pleading is not required to be served. The first-served defendant's forfeiture of the right to remove, by its failure to

do so within the 30-day period, binds all subsequently named or served defendants. Gorman v. Abbott Labs., 629 F. Supp. 1196, 1202 (D.R.I. 1986) (applying first-served defendant approach); see also Abdullah v. Am. Prods. Co., 661 F. Supp. 2d 84, 85 (D. Mass. 2009) (applying first-served defendant approach but noting First Circuit has not yet endorsed one approach over the other); but see Garside v. Osco Drug, Inc., 702 F. Supp. 19, 22 (D. Mass. 1988) (applying last-served defendant approach).

Upon a timely motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction, the Court may remand the case to the state court. 28 U.S.C. § 1447(c). A certified copy of the order should be mailed by the clerk to the clerk of the state court whereby the state court may proceed with the case. Id.

### 2. Application

Plaintiff states (and attaches a receipt to the same effect) that defendants were served with the Complaint on October 13, 2010 by the Suffolk County Sheriff's Department. Plaintiff argues that the defendants' subsequent removal on November 18, 2010 is, therefore, untimely and the Court should remand the case to state court.

To date, defendants have not opposed the motion to remand. The Notice of Removal asserts removal is timely, although it is ambiguous as to the exact date defendants were served. In the

Notice of Removal, Saxon stated that all papers received by it were attached as exhibits, including a Summons indicating that Saxon was served on October 13, 2010.  The state court record also reveals that Orlans, the law firm, through one of its attorneys (John Prexobb), acting in his capacity as the "agent and person in charge at the time of service", was served on October 13, 2010.

Although the state court record appears to contain a few discrepancies, it is clear, based upon it and exhibits submitted by the parties, that at least one (if not all) of the defendants was served on October 13, 2010.  Applying the first-served defendant approach, see Gorman, 629 F. Supp. at 1202, the Court need not determine whether all defendants were served on that same date.  It is sufficient that one defendant was served on that date thereby commencing the 30-day statutory period for filing a notice of removal.  That the Notice of Removal in this case was not filed until November 18, 2010 therefore renders the removal untimely and the case will be remanded to state court.

**B.    Motion for Stay or Restraining Order (Docket No. 5)**

Because the case is to be remanded to state court due to defendants' failure to remove in a timely fashion, the Court declines to decide the pending motion for a stay or restraining order.

**ORDER**

In accordance with the foregoing,

1) plaintiff's motion to remand to state court (Docket No. 6) is **ALLOWED**; and

2) plaintiff's motion for stay or restraining order (Docket No. 5) is **DENIED** as moot.

**So ordered.**

                                          /s/ Nathaniel M. Gorton
                                          Nathaniel M. Gorton
                                          United States District Judge

Dated December 28, 2010